UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMY LYNN ORR** | : | **DOCKET NO. 22-cv-00184** |
| REG. # 13490179 | | **SECTION P** |
| **VERSUS** | : | **JAMES D. CAIN, JR.** |
| **USA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jeremy Lynn Orr. Orr is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

Orr challenges his 2019 conviction in the United States District Court for the Southwestern District of Missouri. Doc. 1, p. 2. He files the instant petition asserting that he was coerced into pleading guilty in that court and he now has an alibi as well as a signed affidavit from the individual who actually perpetrated the crime. *Id*. He seeks immediate release from custody. *Id*. at p. 7.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The petitioner's attack on his sentence is not cognizable in a petition for writ of habeas corpus brought pursuant to § 2241. As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a § 2255 motion in the sentencing court. *Vinson v. Maiorana*, 605 Fed. Appx. 349 (5th 2015) (*citing Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005)). As petitioner attacks the legality of his sentence, he must file a § 2255 motion in the sentencing court, the Southwestern District of Missouri.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 22nd day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE